

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIMEX, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FALCON MGMT GROUP, et al. )<br>)<br>Defendant. ) | No. 09 CV 1432 |

## OPINION AND ORDER

Fimex, Inc. ("Fimex") filed this case on July 14, 2003 in the Circuit Court of Cook County, Illinois, Case No. 03-L-006750, against two Delaware corporations, "Falcon Management Group, Inc." and Premier Valley Foods, Inc. ("Premier"), alleging breach of a service contract and fraud. Service was effected on a corporation registered as "Falcon Mgmt Group, Inc." and on Premier, both of which appeared, and the case proceeded, albeit slowly. Fimex filed a Third Amended Complaint in April 2005; the defendants answered in August 2005; and the parties thereafter engaged in discovery.[1] In March 2008, the defendants moved for summary judgment. On July 21, 2008, the day the parties were in court for oral argument on the motion, the court granted Fimex's motion for leave to file a fourth amended complaint. This fourth amended complaint arose because Fimex had obtained information that Falcon Management Group, Inc. had been "voided" in 2001. Thus, assuming the voided corporation was the corporation defending the law suit, Fimex joined the officers and directors of the defending corporation as persons potentially liable. Jeffrey Freeman was served on February 10, 2009.

---

[1] The court determines these dates and other facts from its review of the state court docket and the representations of the parties.

Eventually, Fimex learned there were two Delaware corporations with almost identical names: 1) Falcon Mgmt Group, Inc., which is the alleged breacher and proper defendant, and 2) Falcon Management Group, Inc., which is neither. Falcon Mgmt Group, Inc., in fact, was not dissolved and remains a Delaware corporation in good standing. Until these facts came to light, the original defendant, actually Falcon Mgmt Group, Inc. but misidentified as Falcon Management Group, Inc., never informed Fimex of the misnomer (indeed, the information came from an entity winding up Falcon Mgmt Group, Inc.'s affairs[2]). Throughout four years in state court, the two names were used interchangeably as one entity. The defendants (all are represented by the same counsel) demanded that Fimex withdraw the Fourth Amended Complaint and warned they would remove the case if it did not. On March 6, 2008, because Fimex had not withdrawn the Fourth Amended Complaint, all defendants (even though only Freeman was arguably eligible to remove) filed a notice of removal on the basis of diversity jurisdiction. An amended notice of removal was filed on April 28, 2008, to properly reflect the citizenship, rather than the residency, of the individual parties. *See, e.g., Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); *see also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651 (7th Cir. 1998) (relying on 28 U.S.C § 1653 to grant motion to amend notice of removal in the court of appeals where it was clear that diversity jurisdiction existed even though it had been improperly pled).

By the date of the first appearance before this court on April 16, 2009, Fimex had accepted that the proper defendant was Falcon Mgmt Group, Inc. and represented on the record

---

[2] Although neither Falcon nor Premier was dissolved when this suit commenced in 2003, both were no longer conducting business. They are currently being managed and wound up by their primary lienholder, Rabobank.

2

in open court that it was withdrawing the Fourth Amended Complaint (Dkt. No. 18) and would move to remand. On July 11, 2008, Fimex moved to remand (Dkt. No. 19).

## ANALYSIS

The parties do not dispute that the requirements for diversity jurisdiction have existed since the commencement of this case in 2003[3] or that diversity existed on the date of removal. Rather, Fimex argues, *inter alia*, that the notice of removal was untimely under 28 U.S.C. § 1446(b)[4] because it was removed more than thirty days after service on the first of the newly joined defendants.[5] Defendants argue, *inter alia*, that Fimex has waived its right to object to removal by failing to make a timely motion to remand.

"As the party seeking to invoke federal jurisdiction, [the removing defendant] bears the burden of demonstrating that removal is proper." *Save-A-Life Foundation, Inc. v. Heimlich*,

---

[3] Fimex is a citizen of Illinois. The corporate defendants, Falcon Mgmt. Group, Inc. and Premier, each are citizens of Delaware and California. Of the individual defendants named in the withdrawn Fourth Amended Complaint, two are citizens of California, one is a citizen of Oklahoma, one is a citizen of Georgia and one is a citizen of New Jersey. The *ad damnum* clause in the original complaint alleges damages of $90,000. No defendant is a citizen of Illinois. *See* 28 U.S.C. § 1441(b).

[4] 28 U.S.C. § 1446(b) provides,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

[5] As will become apparent in the text following, Fimex's position is not consistent with the "first served defendant rule" on which it rests its argument. Application of the rule would mean that service on the first of either Premier or Falcon Mgmt Group, Inc. started the clock running for other defendants to consent to removal.

3

601 F. Supp. 2d 1005, 1007 (N.D. Ill.2009) (quoting *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004)). Under 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The question of remand is to be resolved by reference to the record at the time the notice of removal was filed. *See* 14B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE 3D § 3723 (Westlaw 2009) ("The usual rule is that removability is determined from the record before the court at the time the notice of removal . . . . is filed in federal court."); *see also O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) ("In determining the existence of removal jurisdiction, based upon a federal question [the court] must look to the complaint as of the time the removal petition was filed.")); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 713 (1918) ("[W]hether a case arising . . . . under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.")

Defendants' waiver argument can be readily disposed of. Fimex did not waive its right to move for remand by failing to file its motion within thirty days of the notice of removal as required by 28. U.S.C. § 1447(c). When an act must be done within a specified time, the court has discretion to extend time if the court does so before the original time expires. *See* Fed. R. Civ. P. 6(b)(1)(A). On May 14, 2009, at a status hearing held within thirty days of the defendants' filing of their amended notice of removal, the court allowed Fimex to file a motion to remand or before June 11, 2009 (Dkt. No. 17), which Fimex did. Therefore, the motion to remand was timely.

Fimex's argument presents a more difficult issue. Under 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days after the defendant is served. "If the first-served defendant does not opt to remove before his time to remove expires, he waives his right to remove the case from state court." *Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928, 932 (N.D. Ill. 2000). "If the suit names multiple defendants, it may not be removed unless all the defendants consent to removal." *Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1007 (N.D. Ill. 2009) (citing *McMahon*, 150 F.3d at 653).

Section 1446(b) does not address what to do when all defendants are not served within a thirty-day window, and legal authorities are divided. One view, which Fimex urges, is that the notice of removal must be filed within 30 days of the date of service on the first defendant entitled to remove, and later-served defendants must consent within that 30 days. The other view, which defendants favor, is that the last served defendant may remove if all other defendants consent. Neither the Supreme Court nor the Seventh Circuit has ruled on which rule applies. The first served defendant in this case was either Falcon Mgmt Group, Inc. or Premier, as the case was removable from the start.

The majority rule is known as the "first served defendant rule." It follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court. *See Phoenix Container*, 83 F. Supp. 2d at 932 ("Allowing a later-served defendant to remove after the first-served defendant has waived his removal rights would be futile, because the first-served defendant would be unable to join that petition and the case therefore would be unremovable."). Moreover, "[b]y restricting removal to instances in which the statute clearly permits it, the rule is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against

removal." *Brown v. Demco., Inc.*, 792 F.2d. 478, 482 (5th Cir. 1986); *see* 16-107 MOORE'S FEDERAL PRACTICE - CIVIL § 107.30(3)(a)(iv)(C) (Lexis 2009) ("First, the removal statutes are strictly construed against removal. Second, the purpose of the time limits in Section 1446 is to ensure that the question of where the case will be litigated be put to rest as soon as possible.") (citation omitted); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988) ("This rule . . . . promotes unanimity among the defendants without placing undue hardships on subsequently served defendants.") (citations omitted).

The "later served defendant rule," the minority rule but gaining ascendancy, rests on reasoning that "strict construction of the removal statute [does] not compel adoption of the first-served defendant rule," *Save-A-Life Found.*, 601 F. Supp. 2d at 1008, and it is "more equitable than the first-served defendant rule, because it does not render a later-served defendant's right to removal subject to the actions of earlier-served defendants and the frequent vagaries involved in the timing of service of process (especially when out-of-state defendants are being served)." *Id.* at 1010; *see also Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 317 (N.D. Ill. 1993) ("Allowing a later-named defendant to remove despite the inaction of an earlier-named defendant would not defeat section 1446(b)'s purposes. Such removal does not start the case over because there is no case against the later-named defendant until he is named. There is no waste because judicial resources have not yet been expended. There is no delay because the case against that defendant has just begun. And there is no jockeying for tactical advantage because the "lateness" of the removal petition is due to the fact that the *plaintiff* did not name that defendant earlier.") (emphasis in original); CHARLES ALAN WRIGHT, *ET AL.*, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3732, at 531-32 (2d ed. 1985) ("[W]hen some of the defendants are served after the first defendant served has waived the removal right by not

exercising it within the statutory period, the subsequently served defendants are deprived of the opportunity to persuade the first defendant to join in the removal petition."). Although MOORE'S FEDERAL PRACTICE is cited in a number of cases as favoring the first-served defendant rule, *e.g.*, *Brown*, 792 F.2d at 481 n.11 and *Ortiz* v. *Gen. Motors Acceptance Corp.*, 583 F. Supp 526, 529 (N.D. Ill. 1984), the current edition predicts that the latter served defendant rule will ultimately prevail. *See* 16-107 MOORE'S FEDERAL PRACTICE - CIVIL § 107.30(3)(a)(iv)(C) (Lexis 2009) ("[I]t is likely that the Court will decide that the removal right of later-served defendants may not be compromised before they are served and that they ought to have the opportunity to persuade the earlier served defendants to join the removal notice."). Predictions aside, this court agrees with the statement in *Marano Enterprises of Kansas* v. *Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001): "Having examined the cases in this area of the law, we must say that we find neither position particularly compelling, as both are susceptible to abuse and have potential to create inequities."

Whichever rule applies, it is a "general rule." *See Brown*, 792 F.2d at 481-82 (describing the first served defendant rule as the general rule, and acknowledging that exceptions may be appropriate). A court is not prohibited from granting exceptions where the interests of justice so dictate. Indeed, the trend away from the first served defendant rule grew out of injustices arising from its unbending application. *E.g., Eltman*, 151 F.R.D. at 317 ("[E]ven if barring removal by a later-served defendant is justified in certain circumstances, it is unjustified and inequitable when the later-served defendant is not named until the initial thirty-day period has lapsed."); *Brown*, 792 F.2d at 481 ("In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, . . . a defendant who does not timely assert the right to remove loses that right.").

This is a case in which, even if the later served defendant rule applies, equitable reasons–interests of fairness, conservation of judicial resources, and avoidance of tactical maneuvering–point towards a conclusion that the removal was improvident. The corporation and the individuals are all represented by the same counsel, who had been defending the case in state court for four years. The newly named defendants are all officers and directors of Falcon Mgmt Group, Inc. Without some representation by defendants, let alone evidence, that Mr. Freeman knew nothing of this law suit until he was served with summons and complaint, the court can only infer that all these individuals or their predecessors in office, who were responsible for defending the corporation against Fimex's law suit, knew of it and could readily have expressed their consent. In addition, defendants have not disputed Fimex's representation that all parties to the contract underlying the law suit agreed to an Illinois state or federal forum if litigation arose. Defendants have no evidence that it ever brought to Fimex's attention that its use of "Management" rather than "Mgmt" was a misnomer and that Fimex's joining the individuals was based on anything but a reasonable misunderstanding. Moreover, as it now stands, the individual defendants are or soon will be no longer in the case, never had to defend the suit, and will incur no consequences whether the motion be granted or denied. Falcon Mgmt Group, Inc. and Premier, the sole remaining defendants, had their opportunity to remove within the first thirty days after service back in 2003. In the case's current posture, defendants' resistance to remand can only be seen as a maneuver to start the case over, imposing further delay and waste of resources, or an effort to avoid the state court forum. *See Brown*, 792 F.2d. at 482 ("To permit the defendants in this case to obtain removal after they have tested state-court waters for four years would give them a second opportunity to forum-shop and further delay the progress of the suit."). Without an authoritative ruling from an appellate court that the later-served

defendant rule must be slavishly applied, this court will not allow such inequity to occur. Consequently, Fimex's motion to remand will be granted.

Two remaining arguments can be briefly addressed: First, defendants argue that because Fimex has not yet moved to reinstate the Third Amended Complaint, "at this point, *nothing is before the court that is even a proper subject for remand.*" Resp. at 3 (emphasis in original). Admitting there is "a dearth of authority for their position" other than a CORPUS JURIS SECUNDUM citation, they suggest the case is moot for failure of Fimex to specifically seek reinstatement of the Third Amended Complaint. The reason there is a dearth of authority is perhaps because the argument is obscure at best. In this court's domain, if an amended complaint is withdrawn, the version immediately preceding is revived. No interest of justice is served by setting a technical trap for the unwary as defendants suggest. In any event, removal is removal of a case not a complaint, and remand is remand of a case not a complaint. *See* 28 U.S.C. § 1446(b) ("A motion to remand the *case* on the basis of any defect other than lack of subject matter jurisdiction must be made . . . .") (emphasis added). The state court will decide what happens next.

Second, Fimex has requested an award of attorney's fees and costs incurred as a result of the removal under 28 U.S.C. § 1447(c). Because the court finds that there was an objectively reasonable basis for removal at the time the original notice of removal was filed, the court declines Fimex's request to award it fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ("[W]hen an objectively reasonable basis exists [for removal], fees should be denied.") (internal citations omitted).

## ORDER

Fimex Inc.'s motion to remand [#19] is granted. Its concurrent request for an award of fees and costs is denied. The Clerk is directed to remand this case to the Circuit Court of Cook County forthwith.

DATE: August 12, 2009

ENTER:

*[signature]*

United States District Judge